IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

QUINTON FUNK

    Petitioner,

v.                                                  CIVIL ACTION NO. 2:19-cv-00799
                                                     (Criminal No. 2:17-cr-00062-1)

UNITED STATES OF AMERICA,

    Defendant.

## ORDER

This action was referred to the Honorable Cheryl A. Eifert for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On August 6, 2021, Magistrate Judge Eifert submitted her Proposed Findings & Recommendation [ECF No. 415][1] ("PF&R") recommending that the court **DENY** Mr. Funk's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, [ECF No. 363], **DISMISS** this civil action, with prejudice, and **REMOVE** it from the docket of the court.

Mr. Funk timely filed three objections to the PF&R. [ECF No. 416]. For the reasons set forth below, I **FIND** that two of Mr. Funk's objections are not specific to the PF&R, and therefore do not warrant de novo review. Mr. Funk's remaining objection is unpersuasive. Accordingly, I **ADOPT** and incorporate herein the Magistrate Judge's Proposed Findings and Recommendation and **DENY** Mr. Funk's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

---

[1] All docket numbers refer to documents taken from Mr. Funk's criminal docket, Case No. 2:17-cr-62.

A district court "shall make a de novo determination of those *portions* of the report or *specified* proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); *see* Fed. R. Civ. P. 72(b)(3). Failure to file *specific* objections pursuant to 28 U.S.C. § 636(b)(1)(C) . . . may be construed by any reviewing court as a waiver of such objection." *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008); *see United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."). General objections do not meet the requirements set forth in 28 U.S.C. § 636(b)(1)(C) or Rule 72(b), and therefore constitute a waiver of de novo review. *See Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W.D. N.C. 1997).

Mr. Funk makes three objections to the PF&R. [ECF No. 416]. First, he argues that Judge Eifert did not adequately consider his behavior at his sentencing hearing, which he claims indicated that his attorney had not adequately explained his plea agreement to him. *Id.* at 1. Yet he does not point to any specific statement or behavior that Judge Eifert failed to consider. Rather, he simply restates the argument he made in his original 28 U.S.C. § 2255 motion, which is a general objection that does not meet the requirements set forth in 28 U.S.C. § 363(b)(1)(C) or Rule 72(b). Therefore, Mr. Funk has waived de novo review on this issue.

Next, he argues that "70% of State and Federal inmates are functionally illiterate and the fact that Funk signed an agreement he did not understand only

2

adds to Funk's claim of ineffective assistance of counsel." [ECF No. 416, at 1]. However, he makes no accompanying assertion that he is actually illiterate. Instead, Mr. Funk again restates his original argument that he did not understand his plea agreement. Judge Eifert considered that argument and found that there was sufficient evidence that Mr. Funk understood his plea agreement before he entered into it. [ECF No. 415, at 17–21]. Mr. Funk has never argued that he is illiterate and, without such an argument, Mr. Funk cannot establish why his proffered statistic is relevant to Judge Eifert's findings. Mr. Funk's objection fails to meet the requirements set forth in 28 U.S.C. § 363(b)(1)(C) or Rule 72(b), and he has waived de novo review on this issue.

Finally, Mr. Funk objects to the PF&R finding that there was a sufficient factual basis for his plea agreement. He objects because he believes the finding was tied to (1) his admission at his co-conspirator's trial that he bought four kilograms of methamphetamine in Atlanta, which he argues Judge Eifert should not have considered; and (2) the sentencing court's finding that he was responsible for 4000 grams of methamphetamine, which he argues counsel failed to adequately challenge. While I construe this as a specific objection and consider the issue de novo, I find that the objection is without merit.

In his § 2255 motion, Mr. Funk argued that there was not a sufficient factual basis for his guilty plea to one count of conspiracy to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine. [ECF No. 199, at 1–2]. Mr. Funk argued in his original motion that because the agreement's stipulation of facts only mentioned 138.7 grams of methamphetamine, there was not a sufficient

3

factual basis to prove that he possessed more than 500 grams. To adequately establish a factual basis for his guilty plea, the sentencing court simply had to be satisfied that there was sufficient evidence to prove that Mr. Funk possessed more than 500 grams of methamphetamine, which Mr. Funk admitted twice during his plea hearing. [ECF No. 379, at 10–12].

Mr. Funk's assertion that his guilty plea was unsupported by a sufficient factual basis would require me to find that there was clear and convincing evidence to rebut Mr. Funk's admissions during his plea colloquy that he did in fact possess more than 500 grams of methamphetamine. [ECF No. 379, at 10–12]; *Blackledge v. Allison*, 431 U.S. 63, 75–75 (1977) (finding that representations made under oath during a plea colloquy carry a "strong presumption of verity" that can only be rebutted with clear and convincing evidence to the contrary). I find that there is no such evidence here, and I note that Judge Eifert did not err in considering Mr. Funk's trial testimony or the sentencing court's finding as to the total amount of methamphetamine for which Mr. Funk was responsible as evidence that his guilty plea was supported by a sufficient factual basis.

As an initial matter, Mr. Funk did not need to be represented by counsel when he was testifying as a witness in a co-conspirator's trial. And whether a person is represented by counsel does not affect the truthfulness of his statements made under oath. In any event, Mr. Funk's testimony is only one piece of evidence, among many, that supports rather than contradicts his admissions at his plea hearing: several of Mr. Funk's co-conspirators admitted during interviews with police that they traveled to Atlanta to buy four kilograms of methamphetamine [ECF No. 245, at 15, 19, 21];

cell phone photographs and videos from that trip to Atlanta showed Mr. Funk and his co-conspirators handling multiple kilograms of methamphetamine [ECF No. 245, at 14]; and in the days after the trip to Atlanta, police officers arrested Mr. Funk with 138.87 grams of methamphetamine remaining, as well as $28,000 in proceeds from the sale of methamphetamine. [ECF No. 199, at 8]. The evidence is more than sufficient to support the factual basis of Mr. Funk's guilty plea. The objection is overruled.

Accordingly, I **ADOPT** Magistrate Judge Eifert's Proposed Findings and Recommendation and **DENY** Mr. Funk's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. This action is **DISMISSED** with prejudice, and I **DIRECT** the clerk to remove it from the docket of this court.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 27, 2022

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE